**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TIFFANIE HARROD and JOSH WHITTINGTON,

Plaintiffs

v.

DURICK TOWING & RECOVERY, et al.,

Defendants

Case No.: 3:25-cv-00637-MMD-CSD

**Order**

Re: ECF No. 1, 1-1, 1-2, 1-3, 1-4

Plaintiffs have filed applications to proceed in forma pauperis (IFP) (ECF No. 1, 1-1) and a pro se complaint (ECF No. 1-2).[1]

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

---

[1] Two additional copies of the same complaint were also filed (ECF Nos. 1-3, 1-4). They are, as far as the court can tell, identical in every respect to the first.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiffs cannot pay the filing fee; therefore, the applications are granted.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiffs' Complaint**

The complaint in this matter is brought pursuant to both the court's diversity jurisdiction and federal question jurisdiction. (*See* ECF No. 1-2 at 1, 1-5.) Plaintiffs assert three state law claims and one claim the court presumes arises under 42 U.S.C. § 1983 against the defendants, Durick Towing and Jeffrey Durik.

Plaintiffs, citizens of Idaho, assert that on November 14, 2024, their RV lost a wheel near Mountain City, Nevada. Plaintiffs secured their vehicle off the roadway, where it was not obstructing traffic. Shortly after, defendants towed the RV without authorization from Plaintiffs. When Plaintiffs came to retrieve their RV, it had been severely damaged – rendered a total loss --

and their belongings missing or destroyed. Plaintiffs allege that Defendants did not provide proper notice or adhere to the legal requirements for towing and assert claims for (1) conversion, (2) negligence, (3) unlawful seizure in violation of constitutional rights, and (4) gross negligence/punitive damages. Plaintiffs seek damages in the amount of $240,000.00, in addition to punitive damages.

**1. Conversion**

In Nevada, conversion is "'a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights.'" *M.C. Multi-Fam. Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 193 P.3d 536, 542–43 (Nev. 2008). Plaintiffs have not identified in what manner their RV and personal property were damaged or what personal property went missing, or how Defendants caused this to be so, making it impossible to determine whether they have plausibly alleged a claim for conversion.

In addition, the complaint lacks sufficient facts to support a reasonable inference the towing itself was wrongful, particularly as Plaintiffs also allege that the towing was done "under color of state towing regulations." (*See* ECF No. 1-2 at 4.); *see also Shoaga v. City of San Pablo*, No. 23-CV-05525-DMR, 2024 WL 3956326, at *6 (N.D. Cal. Aug. 26, 2024) ("The exercise of dominion over the property of another is not 'wrongful' if it was authorized by California law.") (citing *Metal Jeans, Inc. v. California*, 737 Fed. App'x 826, 829 (9th Cir. 2018)).

Accordingly, Plaintiffs have failed to plausibly allege a claim for conversion, but they will be granted leave to amend their complaint to state such a claim.

4

**2. Negligence**

Under Nevada law, "[i]t is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Clark Cnty. Sch. Dist. v. Payo*, 403 P.3d 1270, 1279 (Nev. 2017) (quoting *Sanchez v. Wal–Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (internal quotation marks omitted).

Plaintiffs allege that Defendants owed them a duty to use reasonable care in towing and storing the RV and its contents and that they breached this duty resulting in the damage to their RV and personal belongings. These assertions are conclusory and boilerplate recitations of the elements of their cause of action. For example, as just noted, Plaintiffs do not identify the ways in which their RV and personal property were damaged or how those damages are the fault of the Defendants. Accordingly, the court concludes Plaintiffs have failed to allege sufficient facts to state a claim for negligence, but they will be granted leave to amend their complaint to state their claim.

**3. Violation of Rights/Unlawful Seizure**

Because Plaintiffs elsewhere indicate they are asserting a claim under 42 U.S.C. § 1983,[2] they allege Defendants were "acting under color of state towing regulations," and they assert Defendants' actions violated their constitutional and statutory rights,[3] the court construes Plaintiffs' third claim as arising under § 1983 and asserting a violation of the Fourth Amendment right against unlawful seizure.

---

[2] *See* ECF No. 1-5 (civil cover sheet).

[3] The complaint identifies no statutory right allegedly violated.

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983); *see also Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019) (defendant must have "personally played a role in violating the Constitution.").

Defendants both appear to be private parties, and private parties do not generally act under color of state law for purposes of § 1983. *See O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023) (stating that only in "exceptional cases" will a private entity be treated as a state actor for constitutional purposes), *cert. denied*, 144 S. Ct. 2715 (2024). To be considered a state actor, a private party must meet either: "(1) the public function test, (2) the state compulsion test, (3) the nexus test [or] (4) the joint action test." *Id.* at 1157. The Ninth Circuit has held that a private towing company (1) acting at the request of the police and (2) "pursuant to a statutory scheme designed solely to accomplish the state's purpose of enforcing its traffic laws," was a "willful participant in a joint activity with the State or its agents, and there [was] a sufficiently

close nexus between the State and the challenged action of the (towing company) so that the action of the latter may be fairly treated as that of the State itself." *Stypmann v. City & Cnty. of San Francisco*, 557 F.2d 1338, 1341-42 (9th Cir. 1977).

While the complaint alleges that Defendants acted pursuant to the state's towing laws, it does not allege whether the RV was removed at the request of the police or of a private party, both of which are authorized under state law. *See, e.g.*, Nev. Rev. Stat. § 484B.443; *id.* § 487.038; *id.* § 487.230; *id.* § 487.235. Because Plaintiffs have not alleged the RV was towed at the behest of the state, they have not stated a colorable claim that Defendants should be treated as state actors under § 1983. *See Yan Sui v. Southside Towing*, No. SACV1001973JAKAJW, 2012 WL 13048510, at *3 (C.D. Cal. June 5, 2012), *report and recommendation adopted*, No. SACV 10-1973 JAK AJW, 2012 WL 2564778 (C.D. Cal. June 29, 2012), *aff'd*, 582 Fed. App'x 731 (9th Cir. 2014) (holding towing company was not state actor because it acted at the behest of the homeowner's association, not a state entity).  This claim will therefore be dismissed, without prejudice, with leave to amend.

4. Punitive Damages/Gross Negligence

To begin, punitive damages is not a cause of action. *Farris v. Canyon Creek Const., Inc.*, 367 P.3d 768 (Nev. 2010) (citing *Amoroso Constr. v. Lazovich & Lazovich*, 810 P.2d 775, 777 (Nev. 1991)). Because Plaintiffs include punitive damages in their prayer for relief, the court will construe the fourth cause of action as alleging a claim for gross negligence.

In Nevada, gross negligence

> is substantially and appreciably higher in magnitude and more culpable than ordinary negligence. Gross negligence is equivalent to the failure to exercise even a slight degree of care. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care.

It amounts to indifference to present legal duty, and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is, in gross negligence, magnified to a higher degree as compared with that present in ordinary negligence. Gross negligence is manifestly a smaller amount of watchfulness and circumspection than the circumstances require of a prudent man. But it falls short of being such reckless disregard of probable consequences as is equivalent to a willful and intentional wrong. Ordinary and gross negligence differ in degree of inattention, while both differ in kind from willful and intentional conduct which is or ought to be known to have a tendency to injure.

*Bearden v. City of Boulder City*, 507 P.2d 1034, 1035–36 (Nev. 1973) (quoting *Hart v. Kline*, 116 P.2d 672 (Nev. 1941)) (internal quotation marks omitted); *see also Snodgrass v. Bango Oil, LLC*, 491 P.3d 735 (Nev. 2021).

The complaint does not include any factual allegations sufficient to state a plausible claim that Defendants' actions amounted to gross negligence. Instead, it merely alleges in conclusory fashion that "Defendants' conduct was malicious, oppressive, and in reckless disregard of Plaintiffs' rights." The fourth cause of action will therefore be dismissed without prejudice, with leave to amend.

### III. CONCLUSION

(1) Plaintiffs' IFP applications (ECF Nos. 1, 1-1) are **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-2).

(3) The complaint is **DISMISSED WITHOUT PREJUDICE**, **WITH LEAVE TO AMEND**.

(4) Plaintiffs have **30 DAYS** from the date of this Order to file an amended complaint curing the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended

8

complaint will no longer be before the court. Plaintiffs shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiffs fail to file an amended complaint within the 30 days, the court may recommend that this action be dismissed.

**IT IS SO ORDERED**.

Dated: January 22, 2026

_____
Craig S. Denney
United States Magistrate Judge