**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIFFANIE HARROD and JOSH WHITTINGTON, <br><br> Plaintiffs <br><br> v. <br><br> DURICK TOWING & RECOVERY, et al., <br><br> Defendants | Case No.: 3:25-cv-00637-MMD-CSD <br><br> **Report & Recommendation of United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

**I. BACKGROUND**

Pro se plaintiffs Tiffanie Harrod and Josh Whittington filed their complaint in this matter pursuant to the court's diversity and federal question jurisdiction. (*See* ECF No. 6 at 1; ECF No. 1-5.) They asserted three state law claims, and one claim the court presumed arose under 42 U.S.C. § 1983, against the defendants, Durick Towing and Jeffrey Durik.

On January 22, 2026, the court entered an order dismissing the complaint without prejudice, with leave to amend, for failure to state a claim. (ECF No. 5.) The court granted Plaintiffs thirty days within which to file an amended complaint.

Plaintiffs failed to file an amended complaint in this case, but they did file another complaint based on substantially the same allegations, which was opened in Case No. 3:26-cv-00132-MMD-CSD. On February 27, 2026, the court ordered Plaintiffs to file an amended complaint in this case, with this case number and labeled "Amended Complaint," on or before

March 19, 2026. Plaintiffs were advised that if they failed to do so, the court would recommend dismissal of this action for failure to state a claim. (ECF No. 7.)

The deadline for Plaintiffs to file their amended complaint in this action has expired, and they have failed to do so. Accordingly, the court hereby recommends the District Judge dismiss this action without prejudice for failure to state a claim.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule

12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiffs, citizens of Idaho, asserted that on November 14, 2024, their RV lost a wheel near Mountain City, Nevada. Plaintiffs secured their vehicle off the roadway, where it was not obstructing traffic. Shortly after, defendants towed the RV without authorization from Plaintiffs.

When Plaintiffs came to retrieve their RV, it had been severely damaged – rendered a total loss -- and their belongings missing or destroyed.

Plaintiffs alleged that Defendants did not provide proper notice or adhere to the legal requirements for towing and asserted claims for (1) conversion, (2) negligence, (3) unlawful seizure in violation of constitutional rights, and (4) gross negligence/punitive damages. Plaintiffs sought damages in the amount of $240,000.00, in addition to punitive damages. (ECF No. 6.)

Plaintiff's original complaint failed to state any colorable claim for relief.

**1. Conversion**

In Nevada, conversion is "'a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights.'" *M.C. Multi-Fam. Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 193 P.3d 536, 542–43 (Nev. 2008). Plaintiffs did not identify in what manner their RV and personal property were damaged or what personal property went missing, or how Defendants caused this to be so, making it impossible to determine whether they plausibly alleged a claim for conversion.

In addition, the complaint lacked sufficient facts to support a reasonable inference the towing itself was wrongful, particularly as Plaintiffs also alleged that the towing was done "under color of state towing regulations." (*See* ECF No. 1-2 at 4.); *see also Shoaga v. City of San Pablo*, No. 23-CV-05525-DMR, 2024 WL 3956326, at *6 (N.D. Cal. Aug. 26, 2024) ("The exercise of dominion over the property of another is not 'wrongful' if it was authorized by California law.") (citing *Metal Jeans, Inc. v. California*, 737 Fed. App'x 826, 829 (9th Cir. 2018)).

Plaintiffs therefore failed to state a claim for conversion.

**2. Negligence**

Under Nevada law, "[i]t is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Clark Cnty. Sch. Dist. v. Payo*, 403 P.3d 1270, 1279 (Nev. 2017) (quoting *Sanchez v. Wal–Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (internal quotation marks omitted).

Plaintiffs alleged that Defendant owed them a duty to use reasonable care in towing and storing the RV and its contents and that they breached this duty resulting in the damage to their RV and personal belongings. These assertions were conclusory and boilerplate recitations of the elements of their cause of action. For example, as just noted, Plaintiffs did not identify the ways in which their RV and personal property were damaged or how those damages were the fault of the Defendants.

Plaintiffs failed to state a claim for negligence.

**3. Violation of Rights/Unlawful Seizure**

Because Plaintiffs elsewhere indicated they were asserting a claim under 42 U.S.C. § 1983,[1] they alleged Defendants were "acting under color of state towing regulations," and they asserted Defendants' actions violated their constitutional and statutory rights,[2] the court construed Plaintiffs' third claim as arising under § 1983 and asserting a violation of the Fourth Amendment right against unlawful seizure.

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of

---

[1] *See* ECF No. 1-5 (civil cover sheet).

[2] The complaint identifies no statutory right allegedly violated.

5

substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983); *see also Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019) (defendant must have "personally played a role in violating the Constitution.").

Defendants both appear to be private parties, and private parties do not generally act under color of state law for purposes of § 1983. *See O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023) (stating that only in "exceptional cases" will a private entity be treated as a state actor for constitutional purposes), *cert. denied*, 144 S. Ct. 2715 (2024). To be considered a state actor, a private party must meet either: "(1) the public function test, (2) the state compulsion test, (3) the nexus test [or] (4) the joint action test." *Id.* at 1157.

The Ninth Circuit has held that a private towing company (1) acting at the request of the police and (2) "pursuant to a statutory scheme designed solely to accomplish the state's purpose of enforcing its traffic laws," was a "willful participant in a joint activity with the State or its agents, and there [was] a sufficiently close nexus between the State and the challenged action of

the (towing company) so that the action of the latter may be fairly treated as that of the State itself." *Stypmann v. City & Cnty. of San Francisco*, 557 F.2d 1338, 1341-42 (9th Cir. 1977).

While the complaint alleged that Defendants acted pursuant to the state's towing laws, it did not allege whether the RV was removed at the request of the police or of a private party, both of which are authorized under state law. *See, e.g.*, Nev. Rev. Stat. § 484B.443; *id.* § 487.038; *id.* § 487.230; *id.* § 487.235. Because Plaintiffs did not allege the RV was towed at the behest of the state, they did not state a colorable claim that Defendants should be treated as state actors under § 1983. *See Yan Sui v. Southside Towing*, No. SACV1001973JAKAJW, 2012 WL 13048510, at *3 (C.D. Cal. June 5, 2012), *report and recommendation adopted*, No. SACV 10-1973 JAK AJW, 2012 WL 2564778 (C.D. Cal. June 29, 2012), *aff'd*, 582 Fed. App'x 731 (9th Cir. 2014) (holding towing company was not state actor because it acted at the behest of the homeowner's association, not a state entity).

### 4. Punitive Damages/Gross Negligence

Punitive damages are not a cause of action. *Farris v. Canyon Creek Const., Inc.*, 367 P.3d 768 (Nev. 2010) (citing *Amoroso Constr. v. Lazovich & Lazovich*, 810 P.2d 775, 777 (Nev. 1991)).

In Nevada, gross negligence

> is substantially and appreciably higher in magnitude and more culpable than ordinary negligence. Gross negligence is equivalent to the failure to exercise even a slight degree of care. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty, and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is, in gross negligence, magnified to a higher degree as compared with that present in ordinary negligence. Gross negligence is manifestly a smaller amount of watchfulness and circumspection than the

circumstances require of a prudent man. But it falls short of being such reckless disregard of probable consequences as is equivalent to a willful and intentional wrong. Ordinary and gross negligence differ in degree of inattention, while both differ in kind from willful and intentional conduct which is or ought to be known to have a tendency to injure.

*Bearden v. City of Boulder City*, 507 P.2d 1034, 1035–36 (Nev. 1973) (quoting *Hart v. Kline*, 116 P.2d 672 (Nev. 1941)) (internal quotation marks omitted); *see also Snodgrass v. Bango Oil, LLC*, 491 P.3d 735 (Nev. 2021).

The complaint did not include any factual allegations sufficient to state a plausible claim that Defendants' actions amounted to gross negligence. Instead, it merely alleged, in conclusory fashion, that "Defendants' conduct was malicious, oppressive, and in reckless disregard of Plaintiffs' rights."  The fourth cause of action therefore also failed to state a claim for relief.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITHOUT PREJUDICE**.

Plaintiffs should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

/ / /

/ / /

/ / /

8

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 31, 2026

_____
Craig S. Denney
United States Magistrate Judge